UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Velocity, a Managed Services
Company, Inc.,

Case No. 3:23-cv-911

Plaintiff,

v.

MEMORANDUM OPINION
AND ORDER

Meta Media Tech, Inc., *et al.*,

Defendants.

## I. INTRODUCTION AND BACKGROUND

In early 2020, Plaintiff Velocity, A Managed Services Company, Inc., and Defendant Meta Media Tech, Inc., entered into a Services and Sales Co-Development Agreement (the "Agreement"). (Doc. No. 2-16 at 6). The Agreement called for Velocity to provide "certain data connectivity, deployment, and installation services at various locations around the county," to support Meta Media's delivery of cloud-content entertainment content to movie theaters. (*Id.*). Defendant Jason Brenek, Meta Media's founder and Chief Executive Officer, executed a personal guaranty of Meta Media's payment obligations to Velocity at the same time the Agreement was executed. (*Id.* at 7).

A few months later, as Meta Media faced challenges in its capital campaign, the parties agreed to amend the Agreement. On May 1, 2020, they agreed to a term sheet in which Velocity agreed to release its security interest in Meta Media's assets in exchange for expanded exclusivity rights, among other things (the "2020 Term Sheet"). (*Id.* at 7-8). During the first few months of 2022, the parties negotiated a second term sheet in which Velocity agreed to waive certain

installation fees and to unconditionally release Brenek's personal guaranty (the "2022 Term Sheet"). (*Id.* at 8-9).

Despite this contractual amendment, the parties' disputes continued. Velocity contends Meta Media made only nominal payments in the months that followed the 2022 Term Sheet, even though it owed hundreds of thousands of dollars, before sending Velocity a "Notice of Material Breach" of the Agreement on August 3, 2022. (*Id.* at 9). Velocity then filed suit in the Lucas County, Ohio Court of Common Pleas, alleging in part that the Defendants breached the parties' contract and fraudulently induced Velocity to entered into the 2022 Term Sheet. (*See id.* at 13-16).

The parties litigated this case in state court, including conducting some discovery and an ultimately-denied motion to dismiss the fraudulent inducement claim, until February 7, 2023, when Meta Media filed a Notice of Bankruptcy and Suggestion of Stay due to its February 2, 2023 filing of a Chapter 11 petition in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (the "California Bankruptcy Court"). Approximately one month later, on March 6, 2023, Velocity filed an adversary complaint and a proof of claim in the California Bankruptcy Court, asserting the same claims it asserted in the Lucas County litigation. (Doc. No. 2-55); (*see also* Doc. No. 7 at 2) ("[T]he claims in the State Court Action are already before the California Bankruptcy Court through the Adversary Complaint and Velocity's filed Proof of Claim.").

On May 3, 2023, Defendants timely removed the Lucas County litigation to this court.[1] (Doc. No. 1). Defendants then filed a motion to transfer this case to the California Bankruptcy Court or, in the alternative, to the United States District Court for the Central District of California, Western Division. (Doc. No. 5). Velocity filed its own motion, seeking to remand this case to the

---

[1] *See* Fed. R. Bankr. P. 9027(a)(2); *Matter of Thomson McKinnon, Inc.*, 130 B.R. 721, 724 (Bankr. S.D.N.Y. 1991) (noting 30-day window for removal does not begin to run until after an automatic stay under 11 U.S.C. § 362 has been lifted).

Lucas County Court of Common Pleas or, in the alternative, to abstain or stay these proceedings. (Doc. No. 6). Both motions have been fully briefed. For the reasons stated below, I grant Defendants' motion and transfer this case to the California Bankruptcy Court.

## II.   DISCUSSION

Federal courts generally apply § 1404(a) to motions to transfer venue to a different federal district court. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."). Here, Defendants argue that transfer is appropriate under § 1404(a), while Velocity argues it is not. (Doc. No. 5 at 6-8; Doc. No. 7 at 2-3).

But Title 28 of the United States Code provides another set of rules for venue in bankruptcy cases, including a bankruptcy-specific transfer statute. *See* 28 U.S.C. § 1412 ("A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."). Defendants mention this statutory provision only in their catchall concluding paragraphs, (Doc. No. 5 at 8; Doc. No. 8 at 7), while Velocity does not acknowledge it at all. (*See* Doc. No. 7). I must first determine which of these transfer provisions applies, in part because the statutory language "in the interest of justice" has a different meaning in each provision.

Litigation procedure in bankruptcy cases differs in certain relevant ways from the usual course of civil procedure:

> Bankruptcy "cases" are distinct from bankruptcy "proceedings:" a "case" is commenced by filing a petition with the bankruptcy court and includes the actual administration of the bankruptcy from the time of its filing until the case is finally closed. . . . In contrast, a "proceeding" is a litigated matter connected to the bankruptcy case. . . .
>
> Bankruptcy "proceedings" are divided into three categories: (1) civil proceedings <u>arising under</u> Title 11, (2) civil proceedings <u>arising in</u> a case under Title 11, and (3) civil proceedings <u>related to</u> a case under Title 11. . . . Proceedings that can be said to "arise under" Title 11 or "arise in" a case under Title 11 "arise during the bankruptcy

>proceeding and concern the administration of the bankrupt estate, such as whether to discharge a debtor." . . . A proceeding is "related to" a bankruptcy case if it could "conceivably have any effect on" the debtor's estate.

*JWJ Hotel Holdings, Inc. v. W&H Realty, LLC*, No. 1:18-CV-454, 2018 WL 3772179, at *4 (S.D. Ohio Aug. 9, 2018) (citations omitted) (emphasis in original). *See also Robinson v. Michigan Consol. Gas Co. Inc.*, 918 F.2d 579, 583 (6th Cir. 1990) ("An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.") (citation and quotation marks omitted).

There appears to be no real dispute between the parties that this litigation is "related to" Meta Media's bankruptcy case in the California Bankruptcy Court. While it no doubt felt it had no choice, Velocity conceded as much by filing the Adversary Complaint, raising the exact same claims as it pursues in this litigation. (*Cf.* Doc. No. 2-16 *with* Doc. No. 2-55). I conclude § 1412 governs Defendants' motion to transfer venue. *See Creekridge Capital, LLC v. La. Hosp. Ctr., LLC*, 410 B.R. 623, 629 (D. Minn. 2009) (citing *In re Bruno's, Inc.*, 227 B.R. 311, 321-23 (Bankr. N.D. Ala. 1998), for the proposition "that an action for fraud, tortious interference with business relations, and breach of contract was 'related to' a bankruptcy case and that a motion to transfer such an action was appropriately analyzed under § 1412").

Transfer under § 1412 is appropriate either "in the interest of justice <u>or</u> for the convenience of the parties." 28 U.S.C. § 1412 (emphasis added). *See also RFF Family P'ship, LP v. Wasserman*, No. 1:07 CV 1617, 2010 WL 420014, at *4 (N.D. Ohio Jan. 29, 2010) (noting "the '"interest of justice" and "convenience of the parties" standards in § 1412 are disjunctive and separate, and transfer is appropriate even if only one is met.'") (quoting *MD Acquisition, LLC v. Myers,* No. 2:08-cv-494, 2009 WL 466383, at *6 (S.D. Ohio Feb. 23, 2009)).

> There are two other relevant differences in the § 1412 analysis:
>
> [W]hile the factors to consider in evaluating a § 1412 transfer are very similar to the § 1404(a) factors . . . there is an important difference relevant to the "interest of justice" analysis. . . . Namely, the interests of the bankruptcy estate, as opposed to the other litigants' interests, are paramount in connection with this consideration in the context of a § 1412 transfer. . . . Finally, and perhaps most importantly, there is a strong presumption that the proper venue for a case related to a bankruptcy proceeding is the district in which the bankruptcy proceeding is pending.

*RFF Family P'Ship*, 2010 WL 420014, at *4 (citations omitted).

Courts considering the "interest of justice" prong of the § 1412 analysis typically apply the following factors:

(a) Economics of estate administration

(b) Presumption in favor of the "home court"

(c) Judicial efficiency

(d) Ability to receive a fair trial

(e) The state's interest in having local controversies decided within its borders, by those familiar with its laws

(f) Enforceability of any judgment rendered

(g) Plaintiff's original choice of forum.

*In re Bruno's*, 227 B.R. at 324-25 (citing cases).

These factors conclusively point to the California Bankruptcy Court as the appropriate forum for this case. As I noted above, courts strongly presume that the district in which the debtor's bankruptcy proceeding is pending is the proper venue for proceedings related to the bankruptcy estate. *RFF Family P'Ship*, 2010 WL 420014, at *8 (citing *Creekridge Capital*, 410 B.R. at 492 and *In re Bruno's*, 227 B.R. at 326 n.57). Moreover, the economics of estate administration factor also weighs in favor of transfer, as the bankruptcy court's "ability to efficiently administer the bankruptcy estate [may be hindered] if a cause of action related to contractual and tortious conduct

is not controlled by that court," because identical claims presently are before two different courts. *In re Bruno's*, 227 B.R. at 326.

Many of the other factors – judicial efficiency, ability to receive a fair trial, and enforceability of any judgment rendered – are neutral. The judicial efficiency factor concerns "familiarity with the substantive issues and familiarity with the law to be applied in the proceeding." *In re Bruno's*, 227 B.R. at 327. While the California Bankruptcy Court is less familiar with the specific issues in this case than the Lucas County Court of Common Pleas, any Ohio-based litigation would be put on pause while the bankruptcy case – including Velocity's Adversary Complaint and proof of claim – proceeds. Moreover, this case involves Delaware law rather than Ohio law, and the California Bankruptcy Court is as well positioned to apply Delaware law as an Ohio court. (*See* Doc. No. 2-51 at 5). There is no apparent reason to believe Velocity would not receive a fair trial before the California Bankruptcy Court or not be able to enforce any judgment rendered there.[2]

The factor regarding Ohio's interest in having local controversies decided within its borders by those familiar with its laws also is a neutral one. While Velocity is based in Northwest Ohio, the duties and obligations in the Agreement are national in scope, and this case does not involve the application of Ohio law.

Velocity's original choice of forum weighs against transfer. But this factor standing alone is not enough to overcome the strong presumption that transfer to the California Bankruptcy Court is appropriate for this related proceeding. Therefore, I conclude transfer is appropriate and grant Defendants' motion.

---

[2] Velocity argues this case should not be transferred because "Plaintiff is an unsecured creditor, and in Debtor's Plan, the Debtor acknowledged that, in a liquidation, unsecured creditors will not receive any payment." (Doc. No. 7 at 2). While this potential outcome is a harsh one, Velocity does not explain how it might avoid that outcome even if this case were to remain in an Ohio court.

Finally, because I conclude transfer of venue is appropriate under § 1412, I deny Velocity's motion to remand or to abstain without prejudice.

### III. CONCLUSION

For the reasons stated above, I grant Defendants' motion, (Doc. No. 5), and transfer this case to the United States Bankruptcy Court for the Central District of California, Los Angeles Division. Velocity's motion to remand, (Doc. No. 6), is denied without prejudice.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge